UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE WILIAMS, | No. 2: 15-cv-2268 MCE KJN P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| J. MACOMBER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the following reasons, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

Title 28 U.S.C. § 1915 generally permits any court of the United States to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However,

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

1

Plaintiff has suffered three strikes for purposes of section 1915(g).  See 11-cv-00426 TLN EFB P, ECF No. 40 (finding that plaintiff has three prior strikes).[1]  Accordingly, plaintiff cannot proceed in forma pauperis unless she meets the imminent danger exception to section 1915(g).

The imminent danger exception applies only if it is clear that the danger existed when the complaint was filed.  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  The danger must be real and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and must be ongoing, Andrews, 493 F.3d at 1056.  Allegations of imminent danger that are overly speculative or fanciful may be rejected.  Id. at 1057 n.11.  For the following reasons, the undersigned finds that plaintiff has not met the imminent injury exception.

The complaint, filed November 2, 2015, contains several, unrelated claims.  First, plaintiff alleges that in January 2015, defendants Smith, Stake, Prentice and Hayne told inmate Sansone, a Two-Five gang member, to attack plaintiff because plaintiff had snitched on the Two-Five gang and because plaintiff was a sex offender.  (ECF No. 1 at 4-7.)  Plaintiff's claim that defendants Smith, Stake, Prentice and Hayne set her up to be assaulted back in January 2015 does not demonstrate that plaintiff suffered an imminent injury from these defendants at the time she filed the complaint in November 2015.

Plaintiff next alleges that in September 2015, she asked to be moved away from California State Prison-Sacramento ("CSP-Sac"), because defendant Bortolamedi assaulted plaintiff in May 2014 and June 2015.  (Id. at 7.)  Plaintiff alleges that the assault was in retaliation for plaintiff complaining that defendant Bortolamedi and other prison officials were poisoning plaintiff.  (Id.)  Plaintiff alleges that the poisoning began in August 2010 and continued through the time plaintiff prepared the complaint.  (Id. at 8.)

////

---

[1] The court hereby takes judicial notice of the December 21, 2011 findings and recommendations issued by Magistrate Judge Brennan in 11-cv-00426 GEB EFB P, and his finding that plaintiff had three strikes pursuant to 28 U.S.C. § 1915(g).  See Fed. R. Evid. 201(b) (allowing a court to take judicial notice of a fact "not subject to reasonable dispute in that it is …capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); see 11-cv-00426 GEB EFB P, ECF No. 45 (order by Honorable Garland E. Burrell adopting the December 21, 2011 findings and recommendations).

Plaintiff alleges that in October 2015, defendant Balbasova denied plaintiff's request for medical treatment for the medical problems she suffered as a result of being poisoned. (Id. at 9.) Plaintiff alleges that defendants Andrichuk and Schneider conspired to file false progress notes in plaintiff's health records, stating that plaintiff was not being poisoned. (Id.)

Plaintiff alleges that defendant Macomber, the CSP-Sac Warden, ignored the assaults on plaintiff and the poisoning of plaintiff. (Id. at 10-11.)

Plaintiff's claims that he was assaulted in May 2014 and June 2015 for complaining about being poisoned do not demonstrate that she suffered a threat of imminent injury when she filed the complaint in November 2015. With respect to plaintiff's claim that the poisoning was ongoing, the undersigned observes that plaintiff has made this claim in other lawsuits filed in this court. Magistrate Judge Brennan addressed this claim in 11-00426. In recommending denial of plaintiff's request to proceed in forma pauperis, Magistrate Judge Brennan found that,

> [P]laintiff's declaration stating that she had been poisoned with arsenic was "of little probative value as it appear[ed] to be based solely on conjecture and suspicion. Dckt. No. 26 at 6. The undersigned also determined that plaintiff had "submitted no evidence, other than her own declaration to support her contentions that defendants have poisoned her or denied her HIV medication." Id. at 5; see also id. at 6 ("Because plaintiff has not made a convincing showing that she is being poisoned or denied HIV medication, the court is not convinced that irreparable harm will result if her motion is denied or that the balance of equities tips in her favor."); Dckt. No. 39 (district judge's December 16, 2011 order adopting recommendation and denying plaintiff's requests for injunctive relief).
>
> In light of this record, the undersigned finds that plaintiff's allegations of imminent danger of serious physical injury are not plausible and that the imminent danger exception does not apply. See Andrews, 493 F.3d at 1055 (section 1915(g) imminent danger exception applies where complaint makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at the time of filing.); id. at 1057 n. 11 ("[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful[] when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm").

(2: 11-cv-00426 TLN EFB P at ECF No. 40 at 3-4.)

////

The allegations plaintiff makes regarding being poisoned in the instant complaint are also not supported by any documentation. For the reasons stated by Magistrate Judge Brennan, the undersigned also finds that plaintiff's allegations regarding being poisoned are not plausible and that the imminent injury exception does not apply based on these claims.

Because plaintiff's claims regarding being poisoned are not plausible, plaintiff's claims that defendant Balbasova denied plaintiff's request for medical treatment for the medical problems she suffered as a result of being poisoned do not meet the imminent injury exception. Similarly, plaintiff's claims that defendants Andrichuk and Schneider falsely wrote in her medical records that she was not being poisoned do not meet the imminent injury exception.

Plaintiff alleges that defendant Terrel, Vela and Porter took plaintiff's personal and legal property. (ECF No. 1 at 12.) Plaintiff alleges that defendants Macomber and Alcazar have denied plaintiff the right to marry her fiancé. (Id. at 14.) Neither of these claims involve allegations of physical injury. Accordingly, they do not meet the imminent physical injury exception.

Plaintiff's complaint includes allegations against prison officials who are not identified as defendants. For example, plaintiff alleges that Psychiatrist Hague ordered psychiatric medication for plaintiff that made her mental illness worse. (Id. at 10.) Plaintiff alleges that several other non-defendants were involved in her alleged poisoning and also assaulted her. (Id. at 11-12.) The undersigned will not consider claims involving non-defendants in considering whether the imminent injury exception is applicable.

For the reasons discussed above, the undersigned finds that plaintiff does not meet the imminent injury exception to 28 U.S.C. § 1915(g). Accordingly, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied and that plaintiff be ordered to pay the filing fee.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis be denied; plaintiff be ordered to pay the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 4, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Will2268.56